IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**UNITED STATES**                                                                                 **PLAINTIFF/RESPONDENT**

V.        No.  2:91-cr-20019-RTD
          No.  2:13-cv-02224-RTD

**KEITH E. MILLER**                                                                                   **DEFENDANT/PETITIONER**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (ECF No. 27) filed October 11, 2013.  The United States of America filed a Response (ECF No. 29) on October 29, 2013.  The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

**I.  Background**

The Defendant was originally sentenced on December 30, 1991 to 78 months imprisonment and 5 years supervised release (Exhibit 1).  The Defendant was revoked on May 4, 2007 and sentenced to 5 months imprisonment and 3 years of supervised release (ECF No. 13). On June 16, 2009 the Defendant was again revoked and sentenced to 78 months imprisonment and 5 years of supervised release but an Amended Judgment was entered, on the same day, sentencing the Defendant to 55 months imprisonment with no supervision to follow. (ECF No. 24, p. 2). On June 24, 2009 the Defendant was sentenced in Polk County Circuit Court to 240 months on Theft by Receiving and Robbery charges in CR 2008-72 and 2008-80. (Exhibit 2). August 17, 2009 the court entered an Order (ECF No. 25) specifically finding that the sentence was to run concurrent with the Defendant's state court sentence and a Second Amended

Judgment was entered sentencing the Defendant to fifty-five (55) months with " The term to run concurrently with any undischarged term of imprisonment.  There will be no supervision to follow the term of imprisonment". (ECF No. 26).

## II.  Discussion

The USMS lodged a detainer against the Defendant on July 17, 2009. (Exhibit 3).  The Defendant has filed a Motion seeking to have the detainer removed. (ECF No. 27).  The Defendant was committed to the custody of the Arkansas Department of Corrections on June 24, 2009 and has been continually incarcerated at ADC since that date. The Second Amended Judgment specifically provides that the federal sentence was to run concurrent with the state sentence but the federal sentence will not expire until January 15, 2014.

A.  **Section 2255:**

The Defendant has brought this action under section 2255 but as the Government appropriately points out section 2255 is not an appropriate remedy for the Defendant's request.

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.  28 U.S.C.A. § 2255.

The Defendant does not contend that his sentence was imposed in violation of the Constitution or laws of the United States or that the sentence was otherwise illegally imposed but his sole contention is that he should accumulate good time credit toward his federally imposed sentence while he has been incarcerated in the Arkansas Department of Correction.  Section 2255

jurisdiction exists to challenge the validity of a sentence, not its means of execution (See *Matheny v. Morrison,* 307 F.3d 709, 711 (8th Cir.2002)) and the Defendant's claim should have been presented under 28 U.S.C. § 2241.

## B.  Section 2241

Claims concerning administering or calculating sentences are properly brought in a petition pursuant to 28 U.S.C. § 2241 as such claims challenge the execution of a defendant's federal sentence and not its validity or legality.

### 1. Improper Location:

A defendant filing a 2241 petition must be in custody and must file his petition "in either the district where he is confined...or in any district in which the BOP maintains a regional office." *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000); 28 U.S.C. § 2241(c)(1)-(4). The Defendant is not confined in this district but in the Eastern District of Arkansas.

### 2. Administrative Remedies

A district court does not determine the appropriate credit for time spent in official detention when sentencing criminal defendants. *Wilson*, 503 U.S. at 333. This responsibility lies with the Attorney General, who has delegated the authority to the BOP.

Administrative exhaustion is required prior to challenging the computation of a sentence and the application of jail time credit. *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991); *United States v. Checchini*, 967 F.2d 348, 350 (9th Cir.1992) (prisoner must exhaust administrative remedies before seeking judicial review of Attorney General's sentence computation); *see also Wilson*, 503 U.S. at 335.  Defendant should contact the BOP regarding his issues. Only after defendant has properly exhausted his available administrative remedies and still remains unsatisfied, he can then seek review of the BOP's decision by filing a petition under

§ 2241 in the appropriate district court. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir.2009).

**C.  Credit for Time Spent**

As discussed above the Defendant is petitioning the court to be granted good time credit for the time he has been incarcerated in the Arkansas Department of Correction.  Even if the Court considered the Defendant's pleading to be under 2241, and even if the court had jurisdiction to consider the petition, the petition is without merit

This Court has held unequivocally that a state prisoner who is also on detainer for federal violations should not receive credit on his federal sentence when he was given credit on the state sentence for the same period of time. *Shields v. Daggett*, 460 F.2d 1060, 1061 (8th Cir. 1972). *See also United States v. Downey*, 469 F.2d 1030, 1032 (8th Cir. 1972); *United States ex rel. Derengowski v. United States Attorney General*, 457 F.2d 812, 813 (8th Cir. 1972); *Doss v. United States*, 449 F.2d 1274, 1275 (8th Cir. 1971).

The court also notes that the Defendant's ADC records show that the Defendants's PE/TE date is not until June 14, 2017 [1]making this issue moot.

### III.  Conclusion

I recommend that the Motion to Vacate under 28 U.S.C. §2255 be **DENIED**.  I further recommend that, in the event the Defendant is still in the custody of the Arkansas Department of Corrections after January 14, 2014, that the U.S. Marshal be directed to remove the detainer lodged with the Arkansas Department of Corrections.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file**

---

[1]See http://adc.arkansas.gov/inmate_info/search.

**timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  IT IS SO ORDERED November 15, 2013.


            */s/ J. Marschewski*
            HONORABLE JAMES R. MARSCHEWSKI
            CHIEF UNITED STATES MAGISTRATE JUDGE